UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Vasquez,

                      Plaintiff,                  **ORDER**

          -against-                    20 Civ. 7059 (NSR) (AEK)

Costco Wholesale Corporation et al,

                    Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy

and inexpensive manner, to ensure compliance with the case management plan, and to prevent

the accumulation of unresolved discovery issues, the following procedures will be followed for

the resolution of discovery disputes:

      The party objecting to disclosure, claiming an insufficient response to a discovery

request, or asserting a privilege bears the burden of coming forward by bringing the dispute to

the attention of the Court as hereinafter set forth.

      In calculating when a dispute arises, the Court anticipates that the parties have complied

with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District

Courts for the Southern and Eastern Districts of New York, in that the discovery demand or

disclosure at issue and the adversary's response have been served.

      When a party determines it needs either to compel or preclude discovery, the party must,

within 3 business days, confer in good faith with the adverse party or parties in person or by

telephone to attempt to resolve the dispute.  If the dispute is not resolved within 3 business days,

the objecting party then has 3 business days to bring the issue to the attention of the Court by

filing a letter motion requesting a conference, in accordance with Local Civil Rule 37.2.  The

letter motion must not exceed 2 double-spaced pages.  Any adverse party has 3 business days

thereafter to submit a response, which also must not exceed 2 double-spaced pages.  Counsel

may annex to the letter submissions the relevant portions of the discovery demands or responses

at issue, and/or relevant portions of documents in dispute.  Written replies will not be accepted.

If the Court deems it necessary, the parties will have an opportunity to make oral replies to points

made in the letters at the conference regarding the dispute.

When a legal privilege is asserted as a basis for refusing to comply with a discovery

demand, the parties must follow the same timetable set forth above for attempting to resolve the

dispute and raising the issue with the Court.  In addition, the party asserting the privilege must, at

the same time it files its letter motion, file a privilege log that complies with all requirements of

Local Civil Rule 26.2 and file an *in camera* submission of legible copies of any material as to

which the assertion of the privilege is in dispute.  If privilege is asserted only over certain parts

of a document, the *in camera* submission must clearly identify the portion(s) of the document for

which the privilege is being claimed.  If disclosure of the privilege log would reveal privileged

information, the party asserting the privilege may file the privilege log under seal via ECF, and

serve a redacted log on the adverse party.

A party seeking to withhold responsive materials on the basis of a privilege must assert

such privilege in writing no later than 30 days from the date when the documents are demanded,

unless otherwise directed by the Court.  If, in its ongoing obligation to supplement disclosure, a

party discovers additional documents that it intends to withhold based upon a privilege, such

privilege must be asserted by counsel no later than 5 business days after receipt of the documents

from the client.

Any failure to comply with the terms of this Order by not filing objections to discovery, or assertions of privilege, in accordance with the time constraints, and in the form required by this Order, may result in waiver of legal rights and privileges.  The time limitations set forth herein and in any other scheduling orders of the Court are to be strictly observed, and the parties and counsel are <u>not</u> authorized to extend any of the set time limitations without the prior approval of the Court.

On matters assigned for pre-trial supervision, any party wishing to file objections to a discovery ruling entered orally on the record must, on the date of the ruling, order a transcript of the proceeding in which the ruling was issued.  The transcript must be ordered on a <u>2-day</u> <u>expedited</u> basis.  The objecting party then shall have <u>14 days</u> from the date of the receipt of the transcript to file any objections with the assigned District Judge.  A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30(d) regarding the conduct of depositions.  If a privilege objection is raised at a deposition, counsel are directed to contact chambers by telephone during the deposition at 914-390-4070 for a ruling.


Dated:  March 15, 2021
        White Plains, New York

                                          **SO ORDERED.**

                                          _____
                                          ANDREW E. KRAUSE
                                          United States Magistrate Judge

3